IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MOBILITY SOLUTIONS, LLC.,

    Plaintiff

vs.

VIRTUOX, INC.,

    Defendant.

CIVIL ACTION NO.

CLASS ACTION

## CLASS ACTION COMPLAINT

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile ("Junk Fax"). See 47 U.S.C. § 227. Plaintiff, Mobility Solutions, LLC ("Plaintiff"), who has long been inundated with illegal Junk Faxes and who now comes forward, on behalf of itself and all persons and entities similarly situated, and files this complaint against the Defendant, Virtuox, Inc. ("Virtuox"), for its violation of federal telemarketing law.

## THE PARTIES

1. Plaintiff, Mobility Solutions, LLC, is a South Carolina corporation with its principal place of business at 1538 Sunset Blvd. in West Columbia, SC 29169.

2. Defendant, Virtuox, Inc., is a privately held medical technology services company headquartered, residing and domiciled in this Judicial District at 5850 Coral Ridge, Dr., Suite 304, in Coral Springs, FL 33076.

## JURISDICTION

3. The District Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  *See Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (2012).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District, as the facsimile advertisements were sent by the Defendant from this District.

## THE LEGAL BASIS OF THE CLASS CLAIMS

5. This putative class action arises from the violation by Virtuox of federal law prohibiting privacy violations via invasive telemarketing practices.

6. The claims of the Plaintiff, and the class of persons and entities it seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

7. The TCPA was also enacted to protect the property rights of the recipients of unsolicited facsimile advertisements.

8. The TCPA prohibits the use of a facsimile machine to send unsolicited advertisements for goods and services.  47 U.S.C. §227(b)(1)(C).

9. The TCPA requires that even facsimile advertisements being sent to companies who consented to receipt, or with whom the advertiser had an established business relationship, must include language on the facsimile which clearly informs the recipient that they may request that future facsimiles cease, and that failure to remove the consumer's facsimile from the

telemarketer's database within thirty days is itself a violation of the TCPA. These requisites are referred to as "Compliant Opt Out Notice." *See* 47 U.S.C. §227(b)(2)(D).

10. The TCPA, 47 U.S.C. §227(b)(3), provides a private right of action as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

11. Plaintiff brings this action individually and as the representative of all members of a nationwide class pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Rule 23.1 of the United States District Court for the Southern District of Florida.

### FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

12. On April 18, 2013 and July 11, 2013, Virtuox transmitted a Junk Fax to Plaintiff to thousands of other entities throughout the United States. Copies of the Junk Faxes are attached at Exhibit 1.

13. At no time did Plaintiff give Virtuox its express prior invitation or permission, or prior consent in any fashion, for the transmission of the Junk Faxes.

14. The Junk Faxes did not contain a Compliant Opt Out Notice.

15. The Junk Faxes indicated that they were sent from "VirtuOx, Inc." in the header.

16. The Junk Faxes also indicated that if you wanted more info, you could contact Daniel Labi at Daniel.Labi@virtuox.net or (877) 456-3529 ext. 312.

17. The phone number for (877) 456-3529 is Virtuox's corporate headquarters in Coral Springs, FL. *See* https://www.virtuox.net/contactus.aspx (Last Visited June 10, 2014).

18. Daniel Labi was an agent, employee and/or representative of Virtuox at the time he sent the Junk Faxes at issue. He acted with actual, implied or apparent authority from Virtuox to transmit the Junk Faxes. At all relevant times, he acted pursuant to Virtuox's control and instruction. In addition to its own direct liability, Virtuox is liable for the actions of Daniel Labi based on the doctrines of vicarious liability, respondeat superior, agency, authority and ratification.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Rule 23.1 of the United States District Court for the Southern District of Florida on behalf of a class of all other persons or entities similarly situated throughout the United States.

20. The transmission of generic facsimile advertisements promoting their services, including transmission to the Plaintiff twice, despite being located in a different state, indicates that Virtuox has engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA.

21. Based on the generic style of the facsimile advertisement and the standard telemarketing reach of a Junk Fax campaign, Virtuox has likely transmitted unsolicited facsimile advertisements to tens of thousands of recipients throughout South Carolina, Florida and the United States.

22. Virtuox did not obtain the consent of facsimile recipients, including the Plaintiff and putative class, prior to the transmission of facsimile advertisements.

23. By not contacting the Plaintiff or any other individuals prior to sending them unsolicited marketing material, Virtuox carelessly and recklessly failed to obtain prior express invitation or permission from Plaintiff and the putative class members it seeks to represent, and

4

to take all steps necessary to ensure that the facsimile marketing campaign of Virtuox was compliant with telemarketing law.

24. To the extent facsimile advertisements were transmitted by Virtuox to consumers who had given consent, or had an established business relationship with Virtuox, of which there is no evidence at this time, the facsimile advertisements are still in violation of the TCPA as they did not contain the Compliant Opt Out Notice required by law.

25. The class of persons represented by Plaintiff is composed of all persons or entities within the United States to whom Virtuox sent facsimile advertisements promoting Virtuox and its services at any time within four years prior to the filing of the instant Complaint.

26. The class as defined above is identifiable by phone records, fax transmittal records, and fax number databases, used by Virtuox or its agents, in transmitting its unsolicited facsimile advertisements.  On information and belief, the potential class members number in the thousands and constitute a class so numerous that joinder of all class members is impracticable.  The Plaintiff is a member of the putative class.

27. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a.  Whether Virtuox violated the TCPA and FCC promulgating regulations by engaging in illegal fax advertising;

    b.  Whether the facsimiles sent by Virtuox to class members constitute unsolicited advertisements; and

    c.  Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Virtuox's actions.

28. Plaintiff's claims are typical of the claims of the class.

5

29. Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

30. Common questions of law and fact predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Virtuox and/or its agents.

31. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

32. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

33. Plaintiff is capable of and willing to represent the other members of the class.

## CAUSES OF ACTION
## COUNT I: VIOLATION OF THE TCPA

34. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

35. Virtuox, and/or its agents, caused unsolicited facsimile advertisements to be sent to Plaintiff and to the facsimile machines of other members of the putative class, in violation of the TCPA and the FCC's promulgating regulations.

36. By causing unsolicited facsimile advertisements to be sent to the class, Virtuox violated the privacy rights of the Plaintiff and class members.

37. By causing unsolicited facsimile advertisements to be sent to the class, Virtuox caused the Plaintiff and class members to sustain property damage and cost in the form of paper and toner.

38. By causing unsolicited facsimile advertisements to be sent to the Plaintiff and the class, Virtuox interfered with the Plaintiff's and class members' use of their property as Plaintiff's and class members' facsimile machines were encumbered by the transmission of Virtuox's unsolicited facsimile advertisements.

39. By causing unsolicited facsimile advertisements to be sent to the Plaintiff and the class, Virtuox caused the facsimile machines of the Plaintiff and class members to be encumbered by the transmission of unsolicited facsimiles.

40. Virtuox failed to provide the requisite Opt Out Notice on its advertisements informing the recipients of their right to cease receiving such advertisements and a cost free mechanism to make such request.

41. Failure to provide Opt Out Notice on a facsimile advertisement is a separate and distinct violation of the TCPA.

42. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.  The damages suffered by the Plaintiff, and the class it seeks to represent, are negligent or willful.

## COUNT II: INJUNCTIVE RELIEF

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

45. The Plaintiff, acting on behalf of the Class, respectfully petitions the Court to order Virtuox to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

**PRAYER FOR RELIEF**

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

A.  That Virtuox immediately be restrained from engaging in future telemarketing in violation of the TCPA.

B.  That Virtuox, its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

C.  That this Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure and Local Rule 23.1 of the United States District Court for the Southern District of Florida.

D.  That the named Plaintiff and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Virtuox and $1,500 for each wilfull violation of the TCPA.

E.  That the Court enter an appropriate order enjoining Virtuox, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements.

F.  That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

**THE CLASS PLAINTIFF REQUESTS A JURY TRIAL AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE.**

Dated this 10th day of June, 2014.

                                                                     s/ J. Matthew Stephens
                                                                     J. Matthew Stephens (FL Bar No. 0688649)

**COUNSEL FOR THE PLAINTIFF AND THE PUTATIVE CLASS:**

**MCCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:   (205) 939-0199
Facsimile:   (205) 939-0399
E-mail:   mstephens@mmlaw.net

**DEFEFENDANT TO BE SERVED AT:**

VIRTUOX, INC.
C/o Steven F. Lica, Registered agent for service of process
6238 NW 120th Drive
Coral Springs, FL